It is unnecessary for us to follow the counsel on the argument in their extended examination of the doctrine of relation under the bankrupt law, for there is another rule, founded both upon principle and authority, which is decisive of this case.
It is well stated by Kent, Ch. J., in Ogden v. Cowley, (2John. 278.) "It would be unjust if one person who happened to "be indebted to another at the time of his bankruptcy was permitted "by any intrigue between himself and another person so "to change his own situation as to diminish or totally destroy "the debt due to the bankrupt by an act ex post facto. Such "an act would be a fraud on the equality of the bankrupt act." See, also, Dickson v. Evans, (6 T.R. 57;) Bull. N.P. 180, where it is said the assignee ought not to be in a better condition than the assignor, who would only have come in as a creditor under the commission.
It is the same principle on which it has been held that the debtor of an intestate cannot set off a debt due from the intestate purchased by the defendant after the death of the intestate. (Root v. Taylor, 20 John. 137.)
In that case, Ogden v. Cowley and Dickson v. Evans,
(supra,) were cited and commented upon as settling the question, not so much on the ground of the enactments in the bankrupt law as on those of the statute of set-offs; and the case in 6 T.R. was regarded as applicable to the English statute of set-off and consequently to our statute. I conclude by adopting its language, that this is not a case within the statute, that the bankrupt and the defendants never were indebted to each other, and had not demands arising on contracts or credits against each other, and that it would be unjust, and against the whole policy of the statute to allow a set-off acquired against the estate of a bankrupt after his petition in bankruptcy. See also Wells v. Stewart, (3 Barb. S.C. Rep. 40,) where the principle is recognized.
Judgment affirmed. *Page 309